IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
TAHOE KEYS MARINA & YACHT CLUB,    )
LLC; OAKBROOK REALTY INVESTMENTS   )   2:12-cv-02582-GEB-AC
II, LLC; and LAKE TAHOE DOCKS,     )
LTD.,                              )
                                   )   ORDER GRANTING MOTION TO
                Plaintiffs,        )   REMAND
                                   )
       v.                          )
                                   )
JEAN MERKELBACK; DISTINCTIVE       )
HOMES INTERNATIONAL, LLC; PAUL     )
P. FLYNN; and Does 1 through 10,   )
inclusive,                         )
                                   )
                Defendants.        )
_____)
```

Plaintiffs move for an order remanding this case to the state court from which it was removed, arguing that the federal court lacks diversity of citizenship removal jurisdiction under 28 U.S.C. § 1332, which is the sole basis for removal, since Plaintiff Lake Tahoe Docks, Ltd.'s ("Tahoe Docks") citizenship is not diverse from Defendants.

Defendant Flynn counters arguing, inter alia, that the citizenship of Tahoe Docks should be disregarded because this plaintiff was fraudulently joined for the purpose of destroying diversity removal jurisdiction. Flynn also argues that Tahoe Docks has not stated a claim

1

against him, and that this failure evinces that its joinder as a plaintiff is fraudulent.

Plaintiffs rejoin that Tahoe Docks has not been fraudulently joined as a plaintiff, and that Tahoe Docks "was intimately involved in the [real estate] transaction [at issue in this case], is in the chain of title, and was added as a party plaintiff due to concerns about standing." (Mot. Remand 6:28-7:1 (citing Decl. Michael Johnson ¶¶ 2-6, ECF No. 10-1).) Plaintiffs also argue: "Hence [Tahoe] Docks was not joined to defeat diversity jurisdiction, but rather to ensure that all necessary and proper parties are before the court.'" (Id. at 7:2-4.)

Removal diversity of citizenship jurisdiction under 28 U.S.C. § 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Further, "the defendant always has the burden of establishing that removal is proper." Id.

"[O]ne exception to the requirement of complete diversity is where a non-diverse [plaintiff or] defendant has been 'fraudulently joined.'" Morris, 236 F.3d at 1067. "Fraudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). A plaintiff has been fraudulently joined "[i]f th[at] plaintiff fails to state a [claim] against a . . . defendant, and the failure is obvious according to the well-settled rules of the state . . . ." United Computer Sys. v. AT&T

2

Corp., 298 F.3d 756, 761 (9th Cir. 2002). "This requires the court to find that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." Longmire v. HMS Host USA, Inc., No. 12-cv-2203-AJB-DHB, 2012 WL 5928485, at *4 (S.D. Cal. Nov. 26, 2012) (citations omitted).

"[O]n a motion for remand, the federal court's analysis must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court. . . . [I]f there is any possibility that the state law might impose liability on a . . . defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007) (citations omitted); Burris v. AT&T Wireless, Inc., No. C-06-02904-JSW, 2006 WL 2038040, at *2 (N. D. Cal. July 19, 2006) (indicating that even when a necessary element of a claim is not plead, the removant must "demonstrate[] that, under California law, [plaintiff] would not be afforded leave to amend his complaint to cure this purported deficiency," and absent such a showing, the remand motion must be granted); Nickelberry v. DaimlerChrysler Corp., No. C-06-1002-MMC, 2006 WL 997391, at *2 (N.D. Cal. Apr. 17, 2006) ("Assuming, arguendo, a plaintiff cannot proceed against a defendant under a theory of successor liability unless such theory is specifically pleaded in the complaint, [defendant] has failed to show that, under California law, [plaintiff] would not be afforded leave to amend her complaint to address the purported pleading deficiency on which [defendant] relies.").

When determining whether a plaintiff can state a claim, "[t]he court's job is not to determine whether the plaintiff will actually or

3

even probably prevail on [the] merits of [its] claim, but rather to evaluate whether there is any possibility plaintiff may do so. For this reason, merely showing that an action is likely to be dismissed as against the purported 'sham' defendant does not demonstrate fraudulent joinder." Archuleta v. Am. Airlines, Inc., No. CV-00-1286-MMM-SHX, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000) ("If [plaintiff's] allegations demonstrate even a possibility that he may prevail on one of these claims, the individual defendants are not fraudulently joined, and complete diversity is lacking. Remand would then be required.").

The allegations in Plaintiffs' complaint sub judice concern a real estate transaction involving "real property ('Marina') located in South Lake Tahoe, El Dorado County California . . . . which was accomplished by Oakbrook acquiring Flynn's membership interest in Lake Tahoe Docks (which had a contract to purchase from initial seller) and subsequent (or essentially simultaneous) transfer of Marina property between plaintiffs . . . ." (First Amend. Compl. ¶ 7, ECF No. 1.) Plaintiffs also allege in their complaint that "Defendants . . . failed to exercise reasonable care or competence in obtaining or communicating information to plaintiffs, represented that facts were true, but were not and/or [defendants[1]] had no reasonable grounds to believe such facts to be true." (Id. ¶¶ 35-39.) Plaintiffs allege they suffered damages as a result of the representations. Flynn has not shown that this negligent misrepresentation claim is wholly inadequate under California law, such

---

[1] The complaint states "plaintiffs," but this appears to be a typographical error. See Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("[A]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand" where the issue is whether "joinder is fraudulent." (internal alterations and quotation marks omitted)).

4

that even if an element of the claim has been omitted that it is not possible through an amendment to state a claim against Flynn in light of the allegations in this claim.

Flynn also argues "should the Court be inclined to consider Remand, then prior to ordering remand, the Court should allow [him] to pursue jurisdictional discovery." (Opp'n Mot. Remand 13:15-19.) However, Flynn does not proffer what "jurisdictional discovery" he seeks to pursue, nor does he explain why he has not already presented facts supporting his contention that Tahoe Docks is a fraudulently joined plaintiff. The record already includes Flynn's sworn declaration and Plaintiffs' counsel's sworn declaration. As stated in <u>Smallwood v. Ill. Cent. R.R Co.</u>, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc):

> While the decision regarding the procedure necessary [for such jurisdictional discovery] in a given case must lie within the discretion of the trial court, . . . a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. [Further,] any piercing of the pleadings should not entail substantial hearings. <u>Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity</u>. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

<u>Id.</u> (emphasis added) (footnote omitted). Since Flynn has not shown the necessity for what he characterizes as jurisdictional discovery, his request is denied.

1       For the stated reasons, Flynn has not sustained his burden of
2 establishing that removal is proper. Therefore, Plaintiffs' remand
3 motion (ECF No. 10) is granted, and this case is remanded to the
4 Superior Court of California in El Dorado County from which it was
5 removed.
6 Dated: January 17, 2013

                                     GARLAND E. BURRELL, JR.
                                     Senior United States District Judge